UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEMIRAN CO. LLC, AKA SHEMIRAN COMPANY, et al.,

                      Plaintiffs,

          -against-

ELTHA JORDAN,

                      Defendant.

1:19-CV-6858 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Defendant Eltha Jordan, who is appearing *pro se*, filed a notice of removal to remove to this Court a holdover proceeding pending in the Civil Court of the City of New York, Housing Part. By order dated August 5, 2019, the Court granted Defendant's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, Housing Part.

## STANDARD OF REVIEW

      A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is " entirely a creature of statute," and the " statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days

of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

**BACKGROUND**

In March 2019, the Shemiran Company (hereinafter the landlord) filed a holdover proceeding against tenants Rudolph Rosenberg, Eltha Jordan, John Doe, and Jane Doe in the Civil Court of the City of New York, Housing Part (Housing Court). The apartment at issue is located in a building at 418 East 88 Street in Manhattan. The landlord brought the holdover proceeding asserting that Rosenberg denied the landlord access to the apartment, but Jordan believes that the holdover proceeding is "racially motivated to deprive [her] and her co-tenants of their [e]qual [c]ivil [r]ights under the Federal Fair Housing Act (FHA)." (ECF No. 2, 3.) Jordan also asserts that there exists "two separate intertwined conspiracies of racial discrimination": the first involving the landlord's efforts to deprive her and her co-tenants of their rights under the FHA, and the second involving the Housing Court administration's and court security's animus against Jordan that originated in an earlier proceeding. (*Id*. at 2.)

On July 23, 2019, Jordan filed the notice of removal naming both the landlord and New York County Housing Court Referee Francis Ortiz as parties. She asserts that upon her "information and belief, her co-defendants authorize[d] the removal of the Housing Court proceeding to this Court." (*Id*.) Jordan does not attach any papers from the Housing Court action to the notice of removal, asserting that the tenants were not served the notice of petition or the underlying petition from the holdover proceeding. But she claims to have filed a "Pre-Answer Motion" to dismiss the state-court action under CPLR § 3211(8) for lack of personal jurisdiction because of the lack of service. (*Id*. at 4.) The motion was scheduled to be heard on July 26, 2019.

On August 5, 2019, several days after filing the notice of removal, Jordan also submitted a proposed order to show cause seeking a preliminary injunction and temporary restraining order. Jordan seeks to stay the state-court holdover proceedings *nunc pro tunc* to July 23, 2019, when she filed the notice of removal. She asserts that the landlord and state-court officials are operating in violation of the removal statute. Jordan claims that although she has given the state court notice of the removal, the state court conducted a hearing on July 26, 2019, and has scheduled an inquest for August 7, 2019. She contends that once the notice of removal was filed, the state court lacked jurisdiction to act, and that it may only resume jurisdiction if and when the case is remanded.

Jordan attaches to the order to show cause documents from the state-court action, including: (1) a case summary from Housing Court which indicates that the holdover proceeding was filed on March 13, 2019, and that the defendants filed miscellaneous papers and other documents in the action beginning May 14, 2019; (2) copies of motions filed by Rosenberg dated June 18, 2019, and July 6, 2019; and (3) a June 19, 2019 decision from Housing Court Referee Ortiz adjourning a hearing on Rosenberg's motion to dismiss to July 26, 2019. (ECF No. 3, 9-22.)

## DISCUSSION

Removal of this case is improper. Jordan's notice of removal have a number of procedural defects. First, it does not comply with 28 U.S.C. § 1446(a), because Jordan failed to file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon her.

Second, the notice of removal is untimely. Jordan failed to file the notice within 30 days of receiving a pleading, motion or other paper indicating grounds for removal. 28 U.S.C. § 1446(b). The state-court holdover proceedings was filed on March 13, 2019. Jordan asserts that

3

the landlord did not serve her and her co-defendants with the state-court petition. But the case summary attached to the order to show cause shows that Rosenberg, her co-defendant, filed a motion for a continuance on May 14, 2019, and then filed a pre-answer motion to dismiss for lack of jurisdiction on June 19, 2019. (ECF No. 3, 9-10.) Thus, it appears that Jordan and her co-defendants had knowledge of the state-court case at least by May 14, 2019, when the continuance was filed, and they presumably could then ascertain whether it was removable. Yet Jordan waited more than 30 days, until July 23, 2019, to file the notice of removal. Jordan therefore did not timely file this notice of removal.

Third, Jordan fails to establish that the other defendants consented to the removal of the state-court case. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." "In a multi-defendant case . . . the defendant seeking removal must obtain the consent of all other defendants and document that consent in its moving papers." *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010); *see, e.g., Heller v. N.Y.C. Health & Hosps. Corp.*, ECF 1:09-CV-6193, 14, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (citing cases). Failure to do so amounts to a procedural defect in the removal process and justifies a remand by the federal court. *Allstate Ins. Co. v. Zhigun*, ECF 1:03-CV-10302, 5, 2004 WL 187147, at *2–3 (S.D.N.Y. Jan. 30, 2004); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193–94 (S.D.N.Y. 1999) (collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding the rule of unanimity).

Jordan was the only defendant who signed and filed the notice of removal. Her co-defendants did not manifest their consent by signing the notice of removal or by providing "unambiguous written evidence of consent to the court in a timely fashion." *Burr v. Toyota*

4

*Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006). Jordan's assertion that her co-defendants authorized the removal is not sufficient to show that her co-defendants consented to the removal. *Id*. ("It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf").

Finally, Jordan fails to show that the Court has subject matter jurisdiction over the state-court case. A defendant in a state-court action may remove a matter to a federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is on the defendant [in the state court action], "and any doubts about jurisdiction should be resolved against removal." *Citibank, N.A. v. Swiatkowski*, No. 12-CV-0196, 2012 WL 542681, at *2 (E.D.N.Y. Feb. 21, 2012) (citing *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,* 488 F.3d 112, 124 (2d Cir. 2007)). Under the "well-pleaded complaint rule, . . .federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted).

Jordan fails to meet her burden of establishing that the Court has subject matter jurisdiction over the removed action. As noted above, she fails to provide a copy of the plaintiff's pleading, and therefore, the Court cannot assess whether a federal question is presented on its face. But Jordan's notice suggests that the Court does not have jurisdiction. Jordan asserts that the state-court action is removable because the landlord and the state court have violated her and her co-defendants rights. She claims that the landlord actually filed the lawsuit to deprive her and her co-tenants of their rights under the FHA, and that there exists a racially motivated conspiracy against her by Housing Court officials and the landlord. But according to Jordan, the landlord's

stated purpose for the holdover action was Rosenberg's failure to provide access to the apartment, a matter over which federal courts do not have jurisdiction. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes") (citation and quotations marks omitted)). Jordan's attempt to raise counterclaims or defenses under the FHA and other federal laws cannot serve as the basis for removing the Housing Court holdover proceeding to federal court. Removal of a case to federal court may not be predicated on a counterclaim or affirmative defense as it is not part of a plaintiff's properly pleaded statement of his claim. *See Rivet*, 522 U.S. at 475.

For all of these reasons, the Court concludes that removal of this case is improper. Thus, the action is remanded to the Civil Court of the City of New York, Housing Part. Jordan's request for an order to show cause is denied as moot.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Defendant, and note service on the docket.

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Civil Court of the City of New York, Housing Part. The Clerk of Court is directed to send a copy of this order to that court and to close this action. Defendant's request for an order to show cause (ECF No. 3) is denied as moot. All other pending matters are terminated. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 19, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge